688 P.2d 775

**In the Matter of TWINING WATER AND SANITATION DISTRICT.**

**TAOS SKI VALLEY, INC. and Twining Associates, Appellants,**

v.

**PUBLIC SERVICE COMMISSION of the State of New Mexico, Appellees.**

**No. 15467.**

Supreme Court of New Mexico.

Oct. 1, 1984.

## OPINION ON MOTION TO DISMISS

WALTERS, Justice.

Appellants, Taos Ski Valley and Twining Associates, have entitled their appeal as one against Public Service Commission. Public Service Commission (Commission) filed a motion in this court to dismiss the appeal contending, among other things, that the order of the commission appealed from was a statutorily required approval of rates set by the Twining Water and Sanitation District (District) and was an integral act necessary to make effective the District's decision to impose a surcharge against all property within the District. The Commission forcefully argues that the appeal is really from a decision of the Water and Sanitation District.

At oral argument on the Commission's motion, it was not disputed that the underlying objection of appellants is to the amount of the surcharge imposed by the District, and peripherally, to the Commission's approval which, under NMSA 1978, Section 73–21–16(L), the Commission is required to give before rates, tolls or charges fixed by the District may be enforced.

It is thus apparent that appellants' objection is to the result of a specifically required act by the Commission contained within the statutory scheme relating to exercise of the powers and duties of a Water and Sanitation District, and not to a kind of proceeding over which the Public Service Commission has jurisdiction under NMSA 1978, Section 62–6–4 (Repl.Pamp.1984), nor to the acts of a kind of entity to be regulated by the Commission as described in NMSA 1978, Section 62–3–3(E) (Repl.Pamp. 1984), of the Public Utility Act.

Water and Sanitation Districts are special districts described as governmental subdivisions with quasi-municipal powers, Section 73–21–9(I), and municipalities are expressly excluded from Commission regulatory jurisdiction (unless the municipality voluntarily elects to come within the operation of the Public Utility Act and under the supervision and regulation of the Commission), by Section 62–3–3(E).

The question of appellate jurisdiction arises because the Water and Sanitation District Act is silent on the matter of appeals, although it does provide in Section 73–21–12 that the district court may remove directors; in Section 73–21–13 that the district court shall fill any vacancy which the board of directors fails to fill; in Section 73–21–40 that the district court shall order the setting of rates and creation of a sinking fund, where required, if the board of directors fails to do so; and in Section 73–21–33 that the "validity of any proceeding" by the District shall be determined promptly by the court and, for the purpose of the Act, "[t]he courts shall be open at all times." The meaning of "courts" is not given in the Act, but it appears from the other sections we have cited that "district court" was intended.

We have examined the appellate procedure provided for all other "Special Districts," addressed in Chapter 73 of the New Mexico Statutes, to assist in determining the legislature's intent regarding appeals from Water and Sanitation District proceedings.

Petitions to organize or change an Artesian Conservancy District, or to appeal the decision of the state engineer affecting the waters of the district, are made to the district court. NMSA 1978, Sections 73–1–3, –11, –14, –15, –26.

Officers of Ditches or Acequias Corporations may be removed by the district court, and appeals from appraisements made under that Act are to the district court. NMSA 1978, Sections 73-2-29 and -62. Section 73-3-10 provides for appeals of fines assessed against abusive or neglectful conduct of a ditch commissioner to the district court.

The district court has jurisdiction to approve formation of and fill commissioner vacancies in Drainage Districts, Sections 73-6-17, 73-6-28; to control and direct commissioners in their duties, Section 73-6-31, and to try issues arising from objections to work proposed by the commissioners in their biennial reports to the court, Sections 73-6-33, et seq.

Article 17 of Chapter 73 on "Special Districts" contains several provisions for district court resolution of disputes questioning the validity of the proceedings of any Conservancy District under the Conservancy Act. *See, e.g.*, NMSA 1978, Section 73-17-18.

It is provided in the Article governing Soil and Water and Watershed Districts, NMSA 1978, Section 73-20-45(A), that those districts may sue *and be sued*, just as is provided for Water and Sanitary Districts in Section 73-21-16(C), which implies, at least, that suits contesting proceedings by officials of a special district, should originate in district court. The implication is especially strong in Chapter 21 on Water and Sanitation Districts since hearings *in district court*, referred to above, are clearly spelled out in various provisions of Article 21.

We are persuaded, having perused all of the provisions relating to remedies for a party affected by proceedings conducted by officials of Special Districts (of which the Water and Sanitation District is one), that protests or appeals from such proceedings must first be brought in district court.

This matter, therefore, is transferred, under our superintending powers, to the District Court of Taos County for further proceedings. We do not reach the other points raised in the Commission's motion.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.